IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br><br>REBECCA OWENS | Magistrate No. 20-568<br><br>**[UNDER SEAL]** |

## AFFIDAVIT FOR CRIMINAL COMPLAINT

I, Gregg Frankhouser, a Special Agent ("SA") with the Federal Bureau of Investigations, being duly sworn, depose and state as follows:

### INTRODUCTION

1. This Affidavit is submitted in support of a criminal complaint charging Rebecca OWENS with one count of Production and Attempted Production of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of Distribution of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2) (collectively referred to as the "TARGET OFFENSES").

2. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), assigned to the Pittsburgh Division. I have been employed as a Special Agent for the FBI since April 2002. As part of my duties, I investigate violations of federal law, including the online exploitation of children, including violations pertaining to the illegal possession, receipt, transmission, and production of material depicting the sexual exploitation of minors. I have gained expertise in the conduct of such investigations through training in the area of child pornography and child exploitation investigations in seminars, classes, and everyday work related to conducting these

1

types of investigations and have had the opportunity to observe and review numerous examples of child pornography in a variety of media, including computer media. I have obtained FBI Basic and Advanced Crimes Against Children Training. I have participated in the execution of numerous federal and state search warrants which have involved child sexual exploitation and/or child pornography offenses.

3. Your Affiant is aware that Title 18, United States Code, Sections 2251(a) and (e), make it a crime to induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct or to attempt to do so, and that Title 18, United States Code, Section 2252(a)(2), makes it a crime to distribute material depicting the sexual exploitation of a minor.

4. The facts set forth in this Affidavit are based on my personal knowledge, knowledge obtained during my participation in this investigation, knowledge obtained from other individuals, including other law enforcement personnel and computer forensic examiners, review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

5. Because this Affidavit is being submitted for the purpose of securing criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that REBECCA OWENS (hereinafter, "OWENS") committed the TARGET OFFENSES.

**DEFINITIONS**

6. The following definitions apply to this Affidavit:

   a. "Minor," as defined in 18 U.S.C. § 2256(1), means any person under the age of 18 years.

2

b. "Child Pornography," as used herein, includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in "sexually explicit conduct," as that term is defined in 18 U.S.C. § 2256(2).

c. "Visual depictions" include undeveloped film and videotape, data stored on computer disk or by electronic means, which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format. See 18 U.S.C. § 2256(5).

d. "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the anus, genitals, or pubic area of any persons. See 18 U.S.C. § 2256(2).

e. "Internet Service Providers" or "ISPs" are commercial organizations which provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers, including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment. ISPs can offer various means by which to access the Internet including telephone based dial-up, broadband based access via a digital subscriber line (DSL) or cable television, dedicated circuits, or satellite based subscription. ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth

that the connection supports. Many ISPs assign each subscriber an account name such as a user name or screen name, an e-mail address, and an e-mail mailbox, and the subscriber typically creates a password for the account. By using a computer equipped with a telephone or cable modem, the subscriber can establish communication with an ISP over a telephone line or through a cable system, and can access the Internet by using his or her account name and password.

    f. "IP Address," meaning, the Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

    g. "Internet," a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

## PROBABLE CAUSE

7. In November 2019, Trooper Richard Willhardt, assigned to the Bureau of Criminal Investigations, Special Investigative Service, Computer Crime Unit, Northeast Crime Task Force (Wilkes-Barre, Pennsylvania), applied for and executed a search warrant on Google, Inc. LLC (hereinafter "Google") for multiple email accounts in relation to an ongoing child exploitation investigation of an individual residing in Stroudsburg, Pennsylvania.

4

8. Trooper Willhardt subsequently received responsive material from Google. Upon review of the information, Trooper Willhardt identified multiple images of an approximately three to five-year-old minor female that had been saved in the "Google Photos" in one of the target's Google accounts. These images are described as follows:

   a. One image depicting a white, nude, prepubescent female with blonde hair (approximately three to five years old), standing naked with her vagina visible. The following is also visible in the image: a grey in color piece of furniture; the leg of an unknown person wearing a pair of purple with white polka dots, fleece pants; and a multicolored white, brown, and dark grey-colored dog laying on a beige carpet;

   b. One image of the same white, prepubescent female with blonde hair described above. This image depicts the minor female completely nude from behind with buttocks visible. The same gray piece of furniture, as well as the same dog, laying on a beige carpet, is also visible;

   c. One image of the same white, nude, prepubescent female with blonde hair described above. In this image, the minor female is seated in a bath tub filled with some water and the minor female's exposed vagina is visible;

   d. One image depicting an adult hand spreading the vagina of a white, nude, prepubescent female seated or laying on a blue and green patterned fleece blanket (the minor's face is not visible);

   e. One image depicting the same minor female nude and seated facing away from the camera in a bathtub with some water in it and playing with toys, including a yellow rubber duck;

    f. One image depicting the same minor female clothed, with her whole body fully visible, and she is wearing a bluish shirt and gray leggings. In this image, the minor is sitting on a gray in color couch, and sitting on or next to a fleece blanket with cat and dog faces printed on it. The minor female is holding a purple cup with a multicolored bird print on it;

    g. One image depicting the same minor female sleeping on a gray couch and naked from the waist up, with only a printed diaper or pull-up on. A multicolored fleece blanket and an adult arm are also visible.

These images were provided by Google in folders that were labeled "2019-05-17", "2019-05-17#2", and "2019-05-18".

    9. Based on information previously received from the National Center for Missing and Exploited Children (NCMEC),[1] Trooper Willhardt knew that the target he was investigating had been communicating online with an individual whose Internet Protocol or "IP" address resolved to Pittsburgh and the surrounding area. The information provided by NCMEC also included a phone number (412-XXX-5183) (full phone number known to your affiant) and an image of an adult female. Further investigation by the Western Pennsylvania Violent Crimes Against Children Task Force (hereinafter "WDPA CAC Task Force") of this phone number, using open source information, identified the Pittsburgh individual as REBECCA OWENS. Your affiant, a member of the WDPA CAC Task Force, obtained and reviewed a Pennsylvania driver's

---

[1] NCMEC is a nonprofit organization that helps to find missing children, reduce child sexual exploitation, and prevent future victimization. As part of its work on issues relating to reducing the online child exploitation, NCMEC operates a CyberTipline, a mechanism by which public and electronic service providers can make reports of suspected online child exploitation. NCMEC makes information submitted to the CyberTipline available to law enforcement for possible investigation.

6

license photo of OWENS, compared it to the image of the adult female provided in the CyberTip, and confirmed that that the photos are of the same individual. On February 28, 2020, law enforcement officers with WDPA CAC Task Force also obtained images from a social media account believed to belong to OWENS that depicted OWENS and some children (believed to be OWENS' children) and sent these images to Trooper Willhardt. Trooper Willhardt positively identified a child depicted in the images obtained from OWENS' social media account as the same child that is depicted in the images found within his target's Google account.

10.     Allegheny County Police Detective Steven Dish, a member of the WDPA CAC Task Force, subsequently applied for and obtained a warrant in the Commonwealth of Pennsylvania, County of Allegheny, signed by The Honorable David R. Cashman, to search OWENS' current residence in Pitcairn, Pennsylvania. The warrant was executed on the date of application, February 28, 2020. From Owen's residence, law enforcement seized, *inter alia,* household items depicted in the images discovered by Trooper Willhardt. The seized items include: a fleece blanket with cat and dog faces printed on it, size 4T gray leggings, and a size 4T bluish shirt (all items similar to those depicted in the image where the minor is clothed and sitting on a couch); a blue cup and a yellow rubber duck toy (similar to those depicted in the bath tub images of the minor); and size L (12-14) purple polka-dot pants (similar to the leg visible in the image depicting the minor naked from the front with her vagina visible). During execution of the warrant, law enforcement also observed a dog similar to the one depicted in the images described above.

11.     An adult male, A.F., was present during execution of the warrant, and identified the minor female depicted in the image of the minor clothed on the gray couch (described above) as OWENS' minor daughter, A.F., with a date of birth April 2016 (currently three years old).

7

12.    Prior to execution of the search warrant at OWENS' residence, law enforcement encountered OWENS outside of the residence. At that time, OWENS agreed to be interviewed by law enforcement at the Allegheny County Police Headquarters. During the interview, OWENS admitted to conversing with an individual online in May of 2019 and to sending this individual images of her daughter, A.F., which she had taken with her cell phone. OWENS confirmed that the images of A.F. that she took and sent to this other individual included an image of A.F standing nude from the front, an image of A.F. standing nude from behind, and images of A.F.'s vagina. When shown sanitized versions of the images described above, OWENS identified the dog and the purple polka-dot pajama pants as hers.

## **CONCLUSION**

13.    Based on the foregoing, your Affiant respectfully submits that there is probable cause to find that REBECCA OWENS committed the TARGET OFFENSES; that is, violations of federal law including, Production and Attempted Production of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a) and (e), and Distribution of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2).

14. The above information is true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

_____
Gregg Frankhouser
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on March 13, 2020:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE